IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MIGUEL ANGEL HERNANDEZ GUILLERMO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | 1:26-cv-00256 (AJT/IDD) |
| JEFF CRAWFORD, *et al.*, | ) ) | |
| Respondents. | ) ) | |

## <u>ORDER</u>

Before the Court is Miguel Angel Hernandez Guillermo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on January 28, 2026. [Doc. No. 1]. By order dated the same day, the Court ordered the Government to respond to the Petition within five days, [Doc. No. 2]. Respondents ultimately submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 6].

Petitioner is a 38 year old native and citizen of Mexico, who entered the United States without inspection in 2007. [Doc. No. 1] at 4–5. On November 11, 2025, Petitioner was arrested by immigration officials and eventually taken to the Farmville Detention Facility, where he remains. *Id*. He further alleges that he has not been provided with a bond hearing. *Id*. at 9.

In light of the foregoing, and it appearing to the Court that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez* or the other opinions of this Court cited therein, the Court incorporates the filings in *Hernandez* into the record of this habeas action. For the reasons stated in *Hernandez*, the Court determines

that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.[1] Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are **ENJOINED** from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
February 23, 2026

Anthony J. Trenga
Senior United States District Judge

---

[1] Despite conceding that the filings in *Hernandez* may properly be incorporated herein, Respondents in their notice bring to the Court's attention *Buenrostro-Mendez v. Bondi,* Nos. 25-20496 & 25-40701, slip op. (5th Cir. Feb. 6, 2026), which reached a contrary conclusion on similar facts. The Court is not bound by that decision and is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons set forth in Judge Douglas's dissent.